STATE OF INDIANA *v.* MARTIN EUGENE JENNINGS.

[No. 174S17. Filed October 16, 1974. Rehearing denied January 6, 1975.]

*Theodore L. Sendak,* Attorney General, *John H. Meyers,* Deputy Attorney General, for appellant.

*John G. Bunner,* of Evansville, *John F. Davis,* of Evansville, for appellee.

HUNTER, J.—This is an appeal by the State of Indiana following the trial court's dismissal of an affidavit charging the appellee with possession of marijuana. The trial court dismissed the charge on the grounds of lack of jurisdiction, and this Court entertains jurisdiction pursuant to AP. 4(A)(5). Appellee's motion to dismiss was grounded on the contention that "at the time of the commission of the alleged offense, there was no statute of the State of Indiana making it criminal to possess or sell marijuana." We affirm.

The State concedes that at the time of filing the charging affidavit, there was no criminal statute in effect making the possession of marijuana a crime.[1] However, the State urges that because the Board of Pharmacy, pursuant to its rule-making power, had declared marijuana to be a dangerous drug, it follows that this determination is sufficient to support the charging affidavit. We disagree.

The trial court properly dismissed the affidavit for lack of jurisdiction. There being no statutory offense alleged, it was incumbent on the State to allege that the appellee violated the promulgated rule of the Board of Pharmacy. Thus, violation of the rule was the only basis upon which appellee could be charged. Yet, nowhere in the record before us does the Board of Pharmacy rule appear. The affidavit was clearly defective in that it alleged no criminal offense.

Judgment affirmed.

DeBruler and Prentice, JJ., concur; Givan, J., dissents with opinion in which Arterburn, C.J., concurs.

### DISSENTING OPINION

GIVAN, J.—I cannot agree with the majority opinion in this case.

The appellant was charged in the Vanderburgh Circuit Court by affidavit which reads as follows:

"Harold Chaffin being duly sworn upon his oath says that Martin Eugene Jennings on or about the 3rd day of August A.D., 1973, at said county and state as affiant verily believes: did then and there unlawfully and feloniously have in his possession and under his control a dangerous drug, to-wit: Cannabis Sativa in an amount greater than Twenty-Five (25) grams. Then and there being contrary to the form of the statute, in such cases made and provided and against peace and dignity of the State of Indiana."

---

1. Previous subsections of the Dangerous Drug Act were repealed by Public Law 144 on July 26, 1973. The Controlled Substances Act, Public Law 335, did not become law until its stated effective date of October 1, 1973.

. The statute to which the indictment refers is IC 16-6-8-2 (j) which reads as follows:

"(j) 'Dangerous drug' means (1) any drug the label of which is required by federal law to bear the statement: 'Caution: Federal law prohibits dispensing without a prescription'; (2) any drug which, because of its toxicity or other potentiality for harmful effect, or the method of its use, or the collateral measures necessary to its use, is not safe for use except under the supervision of a practitioner licensed by law to prescribe or administer such drug; or (3) a new drug which is limited by an effective application under state law to use under the professional supervision of a practitioner licensed by law to prescribe or administer such drug; (4) any substance which the state board of pharmacy, after reasonable notice and hearing, shall by promulgated rule determine has qualities similar to that of any dangerous drug."

At the time of the appellee's arrest, the possession of marijuana was unlawful in Indiana by reason of the existence of Rule 27 of the Indiana Board of Pharmacy, which was adopted on the 26th day of June, 1973, which rule reads in part as follows:

"Pursuant to the powers granted the Board by IC 1971, 16-6-8-2(j), as amended by Indiana Acts of 1971, P.L. 212, SECTION 1, and after reasonable notice and hearing, the Board hereby finds that the following substances have qualities similar to those of any dangerous drug:

"(1) Any hallucinogenic, psychedelic, psychogenic drug or substance including but not limited to cannabis or lysergic acid diethylamide, commonly known as LSD; and

"(2) Any drug appearing on the lists of drugs under Schedules I, II, III, and IV of the Controlled Substances Act, 21 U.S.C., Sec. 812, Pub. L. No. 91-513, Sec. 202(c), and any drugs included therein by duly promulgated regulation.

"For the purpose of this rule, the term 'cannabis' includes all parts of the plant Cannabis Sativa. . . .

"This rule shall expire October 1, 1973 providing, however, that in the event the 1973 Acts of the General Assembly are not promulgated before that date this rule shall remain in full force and effect until the promulgation of said Acts."

21 U.S.C. § 812(c), Schedule I(c), in pertinent part reads as follows:

"(c) Unless specifically accepted or listed in another schedule, any material, compound, mixture, preparation, which contains any quantity of the following hallucinogenic substances, which contains any of their salts, isomers, and salts of isomers, whenever the existence of such salts, isomers, and salts of isomers is possible within the specific chemical designation:
* * *

"(10) Marijuana."

The appellee in this case raises the question that the above quoted Rule 27 of the Indiana Board of Pharmacy was not properly promulgated. The record in this case is totally silent as to whether such question was raised at the trial level and whether or not there was any finding as to the proper promulgation of the above rule.

In the case at bar the trial court sustained a motion to dismiss the affidavit. This was done in the face of an existing rule purporting verity, which rule was specifically authorized by statute in full force and effect at the time.

It is the position of this writer the trial court erred in dismissing the action in the absence of a challenge to the rule or the statute under which it was adopted.

This case should be remanded to the trial court for further proceedings. If there is to be a challenge to the statute and rule such matter should be addressed to the trial court and disposed of at a proper hearing at that level.

NOTE.—Reported at 317 N.E.2d 446.