ROBERT BALZ *v.* STATE OF INDIANA.

[No. 2-874A204. Filed December 10, 1974. Rehearing denied January 15, 1975.]

*Palmer K. Ward,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *John H. Meyers,* Deputy Attorney General, for appellee.

LYBROOK, J.—Defendant-appellant Balz challenges his conviction for sale of marijuana on the ground that at the time of his alleged unlawful conduct there was no statute in Indiana making possession or sale of marijuana a criminal act.

Balz was charged with violating the Dangerous Drug Act[1] by selling marijuana to a member of the Indianapolis Police Department on August 1, 1973. He argues that marijuana was deleted from those substances controlled by the Dangerous Drug Act by Acts 1973, P.L. 144, p. 754, which became effective on July 31, 1973. Balz further maintains that it was not until October 1, 1973, the date on which the Controlled Substances Act[2] became effective, that possession and/or sale of marijuana was again statutorily proscribed in Indiana.

In response, the State urges that although there appears to have been a lapse in the statutory proscription of sale of marijuana from July 31, 1973, to October 1, 1973, such is not the case. The State points out that under the Dangerous Drug Act, the definition of dangerous drug included "any substance which the state board of pharmacy, after reasonable notice and hearing, shall by promulgated rule determine has qualities similar to that of any dangerous drug." The State

---

1. IC 1971, 16-6-8-1 (Burns Code Ed.).
2. IC 1971, 35-24.1-1-1, Ind. Ann. Stat. § 10-3558 (Burns Supp. 1974).

maintains that since the Board of Pharmacy, pursuant to its rule-making power, had on June 26, 1973, issued Rule 27 which declared marijuana to be a dangerous drug, possession and sale of marijuana remained unlawful during the above hiatus.

Although the State's argument is not without merit, we find it unpersuasive in the case at bar. A close examination reveals that the above rule of the board of pharmacy was not mentioned or referred to at any point in the proceedings. Such a defect is fatal. *State* v. *Jennings* (1974), 262 Ind. 443, 317 N.E.2d 446.

Judgment reversed.

Robertson, P.J. and Lowdermilk, J., concur.

NOTE.—Reported at 319 N.E.2d 650.