STATE OF INDIANA *v.* ZOE GOTWALS AND MARK GOTWALS.

[No. 1-1074A148. Filed July 17, 1975.]

*Theodore L. Sendak,* Attorney General, *Donald C. Trigg,* Deputy Attorney General, for appellant.

*Myra P. Spicker, Michael E. Hunt,* Office of Monroe County Public Defender, of Bloomington, for appellees.

PER CURIAM—The only question presented for review by this appeal is whether the trial court erred in sustaining Zoe and Mark Gotwals' Motions to Dismiss an Information charging each with Sale of a dangerous drug, to-wit: marijuana.

We affirm.

The information read, omitting captions and signatures, as follows:

"Charles Williams being duly sworn, on his oath says that Zoe Gotwals and Mark Gotwals, and each of them, on the 22nd day of September, 1973, at and in said County and State aforesaid did then and there knowingly, unlawfully, and feloniously sell to a known reliable informant a dangerous drug, to-wit: a certain quantity of cannabis sativa, commonly known as marihuana, and was not authorized by any laws of the United States of America and the State of Indiana to have such dangerous drug in their possession and/or under their control, contrary to the form of the statute in such cases made and provided, against the peace and dignity of the State of Indiana. (Burns Indiana Statutes 35-3333.)"

On September 22, 1973, marijuana was not defined by statute as a dangerous drug, and thus its sale was not a statutory offense. *State* v. *Jennings* (1974), 262 Ind. 443, 317 N.E.2d 446, *Balz* v. *State* (1974), 162 Ind. App. 347, 319 N.E.2d 650. There was in effect at this time, a Board of Pharmacy rule which purported to proscribe the sale of marijuana. However, the validity of this rule need not be decided here. On September 22, 1973, sale of marijuana could be properly charged only as a violation of the promulgated rule of the Board of Pharmacy. *Jennings, supra; Balz, supra.* The information here, which attempted to charge sale of marijuana as a statutory offense is clearly defective in that it failed to charge a public offense and thus, the trial court properly sustained Gotwals' Motions to Dismiss the information.

Judgment affirmed.

NOTE.—Reported at 330 N.E.2d 766.